**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4773**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

LENNY CAIN,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Ellen  L.  Hollander,  District Judge.
(1:12-cr-00019-ELH-6)

Submitted:  September 30, 2014      Decided:  October 7, 2014

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary  A.  Ticknor,  Columbia,  Maryland,  for  Appellant.   Rod  J.
Rosenstein, United States Attorney, Kenneth S. Clark, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lenny Cain appeals the district court's judgment after the jury convicted him of (1) conspiracy to distribute and to possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 846, and (2) possession with intent to distribute oxycodone, and aiding and abetting, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1). On appeal, Cain raises six issues concerning his trial.[*] We affirm.

Cain first contends that the district court erred in using the word "slight" when instructing the jury on what is required to find that a defendant participated in a conspiracy. Specifically, the district court instructed the jury that "[a] defendant's connection to the conspiracy can be slight"; and "the Defendant must have participated in some way, however, slight, with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends." The district court also instructed the jury that the Government had to prove the elements of the conspiracy charge, including Cain's knowing and

---

[*] In addition to his attorney's briefs, Cain has filed pro se motions to file a supplemental brief and pro se supplemental briefs. Because he is represented by counsel who has filed a merits brief on his behalf, not a brief pursuant to Anders v. California, 386 U.S. 738 (1967), he is not entitled to file a supplemental brief. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011). Accordingly, we deny the motions.

2

voluntary participation in the conspiracy, beyond a reasonable doubt. Nonetheless, Cain argues that the district court's use of the word "slight" created a risk that the jury would use a standard of proof less than beyond a reasonable doubt.

We review a claim that a jury instruction did not correctly state the applicable law de novo. United States v. Washington, 743 F.3d 938, 941 (4th Cir. 2014). "In conducting such a review, we do not view a single instruction in isolation; rather we consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." United States v. Jefferson, 674 F.3d 332, 351 (4th Cir. 2012) (citation and internal quotation marks omitted). Based on our review, we conclude that the district court correctly stated the applicable law. See United States v. Allen, 716 F.3d 98, 103 (4th Cir.), cert. denied, 133 S. Ct. 2819 (2013) (noting that once a conspiracy has been shown, the evidence need only show a slight connection between a defendant and the conspiracy to support a conviction).

Cain next contends that the district court erred in instructing the jury in response to a juror's question. The juror asked, "How reliable is fingerprint analysis?" Over Cain's objection, the district court responded: "Members of the jury, you have heard the evidence, including the testimony of fingerprint examiners, and it is your responsibility to make a

3

determination as to the facts." On appeal, Cain argues that the district court "subtly told the jury to credit the experts" and "infringed upon [the] fact-finding duty of the jury."

"We review a district court's decision to respond to a jury's question, and the form of that response, for an abuse of discretion." United States v. Foster, 507 F.3d 233, 244 (4th Cir. 2007). "[T]he trial court must take care, in responding to a jury question, not to encroach upon its fact-finding power." United States v. Cooper, 482 F.3d 658, 664 (4th Cir. 2007). "[I]n responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." Foster, 507 F.3d at 244 (citation and internal quotation marks omitted). "An error requires reversal only if it is prejudicial in the context of the record as a whole." Id. We conclude that the district court did not abuse its discretion in responding to the juror's question. Rather than infringe on the jury's fact-finding duty, the court reminded them that it was their responsibility to make a determination of the facts based on the relevant evidence.

In his fourth issue, Cain also contends that the district court erred in denying his requested jury instruction on reasonable doubt. We review a district court's refusal to give a jury instruction for abuse of discretion. United States

4

v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012).  A district court is "not required to define reasonable doubt to the jury so long as the jury was instructed that the defendant's guilt must be proven beyond a reasonable doubt."  United States v. Hornsby, 666 F.3d 296, 310 (4th Cir. 2012).  "Not requiring such an instruction is based on this Circuit's belief that attempting to explain the words beyond a reasonable doubt is more dangerous than leaving a jury to wrestle with only the words themselves." Id. at 310-11 (citation and internal quotation marks omitted). Here, the district court instructed the jury that Cain's guilt had to be proven beyond a reasonable doubt, and the court did not abuse its discretion in denying the requested instruction.

In his third issue, Cain contends that the district court erred by admitting prescriptions that were hearsay, not properly authenticated, and in violation of his Confrontation Clause rights under the Sixth Amendment.  Cain preserved his claims that the prescriptions were hearsay and not properly authenticated, but he did not preserve his Confrontation Clause claim.  See United States v. Keita, 742 F.3d 184, 189 (4th Cir. 2014).  "Whereas we generally review the district court's evidentiary rulings for abuse of discretion, when a defendant fails to make a specific and timely objection at trial, our review is restricted to plain error."  Id. (citations omitted).

5

We conclude that the district court did not abuse its discretion or plainly err in admitting the prescriptions. The fake prescriptions were created by Cain and his co-conspirators, and the Government did not offer them into evidence to prove the truth of any matter asserted. Thus, the prescriptions were not hearsay; and even if they were, they were admissible as co-conspirator statements. See Fed. R. Evid. 801(c), 801(d)(2)(E); United States v. Bruner, 657 F.2d 1278, 1284-85 (D.C. Cir. 1981). Moreover, the court did not abuse its discretion in finding they were properly authenticated. See Fed. R. Evid. 901(b)(1); United States v. Hassan, 742 F.3d 104, 133 (4th Cir. 2014); United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009); Bruner, 657 F.2d at 1283-84. Finally, the court did not plainly err in admitting them in violation of the Confrontation Clause because they were not testimonial statements. See United States v. Keita, 742 F.3d 184, 189-90 (4th Cir. 2014).

In his fifth issue, Cain contends that the district court plainly erred in asking questions at trial. A district court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence" to "make those procedures effective for determining the truth" and to "avoid wasting time." Fed. R. Evid. 611(a). The court may also "examine a witness regardless of who calls the witness." Fed. R. Evid. 614(b). "In this regard, it is settled beyond doubt

6

that in a federal court the judge has the right, and often [the] obligation, to interrupt the presentations of counsel in order to clarify misunderstandings"; and district courts "must manage litigation to avoid needless consumption of time." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006) (citations and internal quotation marks omitted).

Because Cain did not object in the district court, we review this issue for plain error. See id. at 331. "In the specific context of judicial intervention claims, we may not intervene unless the judge's comments were so prejudicial as to deny the defendants an opportunity for a fair and impartial trial." Id. (citation and internal quotation marks omitted). To show that a plain error affected his substantial rights, Cain "must establish that the jury actually convicted [him] based upon the trial error." United States v. Williamson, 706 F.3d 405, 412 (4th Cir.), cert. denied, 134 S. Ct. 421 (2013) (citations and internal quotation marks omitted). We have reviewed the record and Cain's brief, and we conclude that Cain has not shown any plain error affecting his substantial rights.

Finally, in his sixth issue, Cain contends that the evidence was insufficient to support his conviction on count two, and the district court erred in not granting his Fed. R. Crim. P. 29 motion for judgment of acquittal. Specifically, he

argues that there was insufficient evidence that Cain possessed oxycodone with intent to distribute it on January 21, 2011.

We review a district court's denial of a motion for judgment of acquittal de novo. United States v. Hassan, 742 F.3d 104, 139 (4th Cir. 2014). "Applying that standard, it is well settled that '[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the [g]overnment, to support it." Id. (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). "[S]ubstantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (citation and internal quotation marks omitted). "Simply put, a defendant challenging the sufficiency of the evidence faces a heavy burden." Id. (citation and internal quotation marks omitted).

The elements necessary to prove a conviction for possession with intent to distribute oxycodone are: (1) possession of oxycodone; (2) knowledge of the possession; and (3) intention to distribute the oxycodone. See United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). "Possession may be actual or constructive, and it may be sole or joint." Id. (citations and internal quotation marks omitted). "Constructive possession may be proved by demonstrating that the defendant exercised, or had the power to exercise, dominion and

8

control over the item."  Id. (citation and internal quotation marks omitted).

"A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture."  Id. (citation and internal quotation marks omitted).  "The same evidence establishing a defendant's participation in a conspiracy may support a conclusion that a defendant participated in the principal's unlawful intent to possess and distribute drugs, thereby proving guilt of aiding and abetting as well."  Id. (citation omitted).

Based on our review of the record, we conclude that the evidence was sufficient to support Cain's conviction.  This evidence included testimony that the Government's summary chart of patient profiles listing the January 21, 2011 prescription was a record of prescriptions that had been "filled" on the date listed; the original fake prescription for that date; testimony that Cain's fingerprints were found on the prescription; and testimony that when a prescription was filled, a co-conspirator would give the pills to Cain and he would distribute them.  As in Burgos, "the fingerprint evidence was not the only incriminating evidence establishing [his] guilt; rather, there was an abundance of evidence establishing that [he] was guilty of possession with intent to distribute [oxycodone], namely the evidence establishing that [he] was guilty of conspiracy.

9

Because sufficient evidence proved that [he] participated in the conspiracy to possess with intent to distribute [oxycodone], proof of constructive possession is sufficient to convict him of possession with intent to distribute." 94 F.3d at 874-75.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED