**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4596**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

SAMUEL G. MAMUDU,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:13-cr-00227-HEH-1)

Submitted:　January 29, 2015　　　　Decided:　February 4, 2015

Before AGEE and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Carolyn V. Grady, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Erik S. Siebert, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel G. Mamudu appeals the 216-month upward variant sentence imposed by the district court following a jury conviction for interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). On appeal, Mamudu contends that the upward variant sentence is unreasonable. Finding no error, we affirm.

We review sentences for reasonableness under an abuse of discretion standard. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); see Gall v. United States, 552 U.S. 38, 46 (2007). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted).

Mamudu first contends that the district court's decision to impose an upward variance is unreasonable. In imposing a variance, the district court must adequately explain its decision; that explanation "must be tied to the factors set forth in [18 U.S.C.] § 3553(a) [(2012)] and must be accompanied by findings of fact as necessary." United States v. Hernandez-

Villanueva, 473 F.3d 118, 122-23 (4th Cir. 2007) (internal citation omitted). The court is not, however, required to "explicitly discuss each factor on the record or robotically tick through § 3553(a)'s every subsection." United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (internal quotation marks omitted).

We discern no error in the district court's determination that an upward variance was warranted in this case. The district court considered the § 3553(a) factors, explained the basis for the upward variance, and clearly tied the variance to several of the § 3553(a) factors. Thus, we conclude that the district court's decision to impose an upward variance was reasonable.

Mamudu also contends that the extent of the district court's upward variance is unreasonable. Any sentence imposed by the district court "must be sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011); see Rivera-Santana, 668 F.3d at 105 (stating that "it was well within the court's discretion to accord more weight to the host of aggravating factors"). This Court must "give due deference to the district court's decision that the § 3553(a)

3

factors, on a whole, justify the extent of the variance." <u>Gall</u>, 552 U.S. at 51.

We conclude that, given the broad discretion afforded to the district court, the extent of the upward variance is reasonable. Upon balancing several of the § 3553(a) factors, the court found the extent of the variance to be adequate but not greater than necessary to satisfy the § 3553(a) factors, and we defer to that determination under the circumstances.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4