**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4794**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CEDRIC DEWAYNE CAPERS,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:15-cr-00096-D-1)

Submitted: July 29, 2016                  Decided: August 3, 2016

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua B. Howard, GAMMON, HOWARD, ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Dewayne Capers pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). At sentencing, the district court adopted Capers' presentence report without objection and established a Sentencing Guidelines range of 63 to 78 months. Based on Capers' attempt to rob an individual in relation to his offense of conviction and on his prior robbery conviction, the district court imposed an upward variant sentence of 108 months. On appeal, Capers challenges the substantive reasonableness of his sentence. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). When reviewing the substantive reasonableness of a sentence, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks and brackets omitted). Where the sentencing court imposed a variant sentence, we determine "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United

States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted).

First, Capers contends that the district court's decision to impose an upward variant sentence was substantively unreasonable because the enhancements to his base offense level sufficiently accounted for the seriousness of his offense compared to the average 18 U.S.C. § 922(g)(1) offense. We disagree. Not only did Capers agree to trade firearms with a known drug dealer, but he also attempted to rob the drug dealer, and the "armed muscle" he brought to the transaction discharged a firearm at the drug dealer, striking him twice. Accordingly, the district court did not abuse its discretion when it concluded that Capers' Guidelines range, even with the sentencing enhancements Capers received, did not adequately reflect the seriousness of the conduct underlying Capers' offense.

Second, Capers argues that the district court abused its discretion by relying on his prior robbery conviction when imposing the variant sentence. In support of this argument, Capers cites United States v. Howard, 773 F.3d 519 (4th Cir. 2015). We conclude that Capers' upward variant sentence is not analogous to the upward departure sentence at issue in Howard. First, whereas Capers sustained his robbery conviction just over four years prior to his offense of conviction and after reaching the age of majority, Howard's convictions significantly predated his offense of

3

conviction and the majority of Howard's convictions were sustained while he was a juvenile. Second, Capers' prior robbery conviction was one of several factors that the district court relied upon when imposing the variant sentence. Third, and most importantly, the extent of the variance in Capers' case, an increase of 30 months from 78 months to 108 months, pales in comparison to the extent of the departure and the permanence of the life sentence at issue in Howard.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED