**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-4150**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JASPER BUCK,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  George L. Russell, III, District Judge.
(1:15-cr-00029-GLR-1)

─────────────

Submitted:  September 20, 2016     Decided:  October 13, 2016

─────────────

Before TRAXLER, AGEE, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Meghan Skelton, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Sean R. Delaney,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jasper Buck appeals his sentence of 120 months' imprisonment after pleading guilty to mail fraud. Finding no reversible error, we affirm.

We ordinarily review a criminal sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.

Buck argues that the district court procedurally erred by failing to address sufficiently his arguments at sentencing regarding his age and health, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). Our review of the record reveals that the district court carefully considered Buck's arguments and sufficiently explained its reasons for placing greater weight on other sentencing factors. Buck also claims that the district court abused its discretion by imposing

a 120-month sentence, which represented an upward variance from the advisory Sentencing Guidelines range of 63 to 78 months. Considering the totality of the circumstances, we find that the district court did not act unreasonably in deciding to impose a variant sentence or determining the extent of the variance. See United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED