**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4132**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DWANE WASHINGTON, a/k/a Cisco,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.    John A. Gibney, Jr.,
District Judge. (3:12-cr-00085-JAG-1)

Argued: December 12, 2013          Decided: February 28, 2014

Before TRAXLER, Chief Judge, and DIAZ and FLOYD, Circuit Judges.

Affirmed by published opinion.  Judge Diaz wrote the opinion, in
which Chief Judge Traxler and Judge Floyd joined.

**ARGUED:** James Brian Donnelly, J. BRIAN DONNELLY, P.C., Virginia
Beach, Virginia, for Appellant.  Brian R. Hood, OFFICE OF THE
UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON
BRIEF:** Neil H. MacBride, United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia; Christopher W.
Bascom, Third Year Law Student, UNIVERSITY OF RICHMOND LAW
SCHOOL, Richmond, Virginia, for Appellee.

DIAZ, Circuit Judge:

A jury convicted Dwane Washington of violating 18 U.S.C. § 2423(a), which prohibits the interstate transportation of a minor with the intent that the minor engage in prostitution or other criminal sexual activity. He was sentenced to 240 months' imprisonment. Washington challenges his conviction, arguing that § 2423(a) requires the government to prove that he knew his victim was underage. He also contends that the district court abused its discretion by imposing an upward variance. For the reasons that follow, we affirm.

I.

On appeal from a criminal conviction, we recite the facts in the light most favorable to the government. United States v. Smith, 701 F.3d 1002, 1004 (4th Cir. 2012).

A.

In the spring of 2012, Washington, then thirty-two years old, met R.C., a fourteen-year-old runaway. Washington approached R.C. on a street in Maryland, where she had already begun engaging in prostitution and using drugs. Almost immediately, he became her pimp. At some point, R.C. told Washington that she was nineteen years old. Washington took R.C. to Nashville and Clarksville, Tennessee; Birmingham and Huntsville, Alabama; and Richmond, Virginia. In each city,

2

Washington used the internet to advertise R.C. as a prostitute. He developed a pricing scale and kept nearly all of the proceeds, which he used to pay for food, lodging, travel, and drugs. Washington also had sex with R.C. on multiple occasions.

In Birmingham, R.C. was arrested and charged with prostitution. She gave the police a false name and date of birth, claiming that she was nineteen years old.

Washington and R.C. were later arrested in Richmond in an FBI sting operation. During an interview with an FBI agent, R.C. confirmed that Washington was her pimp.

## B.

A grand jury charged Washington with the interstate transportation of a minor with the intent that the minor engage in prostitution or other criminal sexual activity, in violation of 18 U.S.C. § 2423(a). At trial, the district court instructed the jury that "the government d[id] not have to prove that the defendant knew that the individual he transported across state lines was under the age of 18 at the time she was transported" in order to convict him under § 2423(a). J.A. 376. As the district court explained, "the defendant's knowledge of the age of the individual he transported is not part of the proof required by the government in order to sustain a conviction . . . ." Id. at 377. The jury subsequently found Washington guilty.

3

After the guilty verdict, the district court filed the following presentencing notice: "The Court is hereby placing the parties on notice that the Court will consider sentencing Mr. Washington outside of the guideline range. Specifically, at the sentencing hearing, the Court will consider sentencing Mr. Washington above the guideline range up to the statutory maximum." J.A. 411.

The presentence investigation report (the "PSR") subsequently calculated an offense level of 30, a criminal history category of IV, and a resulting advisory Guideline sentencing range of 135 to 168 months' imprisonment. Prior to sentencing, the government moved for an upward departure and a variance, seeking a sentence between 188 and 235 months.

At Washington's sentencing hearing, the district court stated that it would not impose an upward departure but was considering a variance, and it then permitted the parties to address the issue. Afterward, the court discussed the 18 U.S.C. § 3553(a) factors and decided to impose an upward variance. Ultimately, the court sentenced Washington to 240 months' imprisonment.

II.

The issues before us on appeal are twofold: (1) whether the district court erred in instructing the jury that the

4

government did not have to prove that Washington knew R.C. was a minor, and (2) whether the court erred by imposing an upward variance. We consider each question in turn.[1]

A.

Washington first challenges the jury instruction that the government was not required to prove that he knew R.C. was underage. We review de novo a claim that a jury instruction did not correctly state the applicable law. United States v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012), cert. denied, 133 S. Ct. 899 (2013).

Section 2423(a) of Title 18 provides:

A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

---

[1] After formal briefing, Washington, acting pro se, filed a lengthy document styled as a notice of supplemental authority. We decline to consider the filing. Issues that Washington failed to raise in his opening brief are waived, see United States v. Leeson, 453 F.3d 631, 638 n.4 (4th Cir. 2006), and "[w]e do not countenance a litigant's use of [Federal Rule of Appellate Procedure] 28(j) as a means to advance new arguments couched as supplemental authorities," United States v. Ashford, 718 F.3d 377, 381 (4th Cir. 2013). Moreover, Washington "has no right to raise substantive issues while he is represented" by counsel. See United States v. Cox, 577 F.3d 833, 836 (7th Cir. 2009).

5

Washington argues that the term "knowingly" in § 2423(a) applies to the clause "who has not attained the age of 18 years," thereby requiring the government to prove that he knew R.C. was a minor. He acknowledges that we rejected this argument in United States v. Jones, 471 F.3d 535, 541 (4th Cir. 2006), which held that "under § 2423(a) the government is not required to establish the defendant's knowledge of the alleged victim's age." Nevertheless, Washington asserts that Jones is no longer good law after the Supreme Court's decision in Flores-Figueroa v. United States, 556 U.S. 646 (2009).

In Jones, we explained that "the adverb 'knowingly' modifies the verb 'transports'" because "[a]dverbs generally modify verbs, and the thought that they would typically modify the infinite hereafters of statutory sentences would cause grammarians to recoil." 471 F.3d at 539. In our view, requiring knowledge of the act of transporting the victim--not knowledge of the victim's age--was "[a] more natural reading of the statute." Id. (internal quotation marks omitted).

But Jones did not rely on the text of § 2423(a) alone. Rather, our interpretation was also supported by § 2423(a)'s more general counterpart, 18 U.S.C. § 2421. See id. That provision punishes "[w]hoever knowingly transports any individual in interstate or foreign commerce . . . with intent that such individual engage in prostitution, or in any sexual

6

activity for which any person can be charged with a criminal offense."[2] § 2421. As a textual matter, the only differences between the two statutes are that § 2421 does not include an age element and imposes a lesser punishment.

In Jones, we noted that it would be implausible for the knowledge requirement in § 2421 to modify the noun "individual." 471 F.3d at 539. And we concluded that it would be similarly "implausible to suggest that, in § 2423(a), where the noun 'individual' is modified by the clause 'who has not attained the age of 18 years,' the term 'knowingly' suddenly applie[d] to both the noun and its dependent clause." Id. Grammar problems aside, we deemed it "unlikely that, in providing extra protection for minors in § 2423(a), Congress intended to make the evidentiary burdens of that provision disproportionate to those of § 2421." Id.

Finally, we explained that only our interpretation was consistent with congressional intent. Id. at 540. "Under

---

[2] Section 2421 reads in full as follows:

> Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

7

§ 2423(a), the fact that the individual being transported is a minor creates a more serious crime in order to provide heightened protection against sexual exploitation of minors." Id. (internal quotation marks omitted). The defendant's view of the statute, on the other hand, "would strip [it] of its clear purpose: the protection of minors." Id. Indeed, "[i]mposing such a mens rea requirement would be tantamount to permitting adults to prey upon minors so long as they cultivate ignorance of their victims' age." Id. For these reasons, we held in Jones that "under § 2423(a) the government is not required to establish the defendant's knowledge of the alleged victim's age." Id. at 541 (emphasis added).

Washington contends that Flores-Figueroa undermines our analysis in Jones. We disagree. In Flores-Figueroa, the Supreme Court considered an aggravated identity theft conviction under 18 U.S.C. § 1028A(a)(1). See 556 U.S. at 647. That statute punishes an individual who, while committing other enumerated crimes, "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1) (emphasis added). The question presented was "whether the statute requires the Government to show that the defendant knew that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" Flores-Figueroa,

8

556 U.S. at 647. The Court concluded that it does. Id. It reasoned that "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime." Id. at 650.

Nevertheless, the Court did not purport to establish a bright-line rule that a specified mens rea always applies to every element of the offense. Instead, it approvingly cited Justice Alito's concurrence for the proposition that "the inquiry into a sentence's meaning is a contextual one." Id. at 652. The majority noted that some statutes may "involve special contexts or themselves provide a more detailed explanation of background circumstances" that call for a different result, but it did not find a "special context" in the case before it. Id.

Justice Alito wrote separately out of a "concern[] that the Court's opinion may be read by some as adopting an overly rigid rule of statutory construction." Id. at 659 (Alito, J., concurring). He agreed with the general presumption that the specified mens rea applies to all of the offense's elements but emphasized that context may rebut that presumption. Id. at 660. As an example, he referenced § 2423(a)--the statute at issue here--and noted that the courts of appeals have uniformly held that knowledge of the victim's age is not required. Id.

Several circuits have addressed the effect of Flores-Figueroa on § 2423(a) and have universally concluded that the knowledge requirement does <u>not</u> apply to the victim's age. <u>See</u> <u>United States v. Tavares</u>, 705 F.3d 4, 19-20 (1st Cir.), <u>cert. denied</u>, 134 S. Ct. 450 (2013); <u>United States v. Daniels</u>, 653 F.3d 399, 410 (6th Cir. 2011); <u>Cox</u>, 577 F.3d at 838; <u>cf.</u> <u>United States v. Daniels</u>, 685 F.3d 1237, 1248 (11th Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 1240 (2013) (adopting the reasoning of circuits that have considered the issue under § 2423(a), and "find[ing] that § 2422(b) likewise does not require that the government prove that a defendant knew his victim was under the age of eighteen in order to convict"). "These circuits agree that the context of § 2423(a) compels a reading of the statute that does <u>not</u> require 'knowingly' to be applied to the victim's age." <u>Tavares</u>, 705 F.3d at 19 (internal quotation marks omitted).

We agree with our sister circuits and join them today. <u>Flores-Figueroa</u> does not undermine our decision in <u>Jones</u>. To the contrary, the "special context" of § 2423(a) supports our previous interpretation of the statute. <u>See</u> <u>Flores-Figueroa</u>, 556 U.S at 660 (Alito, J., concurring) (listing § 2423(a) as an example of a potential special context).

We previously identified this "special context" in <u>Jones</u>, although we did not use that phrase. As we then noted, Congress

10

enacted the provision to provide minors with special protection against sexual exploitation. See Jones, 471 F.3d at 540. It was intended "to protect young persons who are transported for illicit purposes, and not transporters who remain ignorant of the age of those whom they transport." Id. (internal quotation marks omitted). In the time since circuit courts first interpreted § 2423(a) as we did in Jones, Congress has amended the statute numerous times but has never changed it to require the result Washington urges here. See id. at 539. Viewed in context, the purpose of § 2423(a) is to make a victim's underage status an aggravating factor in order to provide minors with special protection--not to make the provision protecting minors more difficult to prove than its more general counterpart in § 2421. See id.

This special context is sufficient to rebut the general presumption that a specified mens rea applies to all elements of the offense. Flores-Figueroa thus does not compel a different result from the one we reached in Jones. Accordingly, the district court correctly instructed the jury that under § 2423(a), the government was not required to prove that Washington knew that R.C. was a minor.

B.

We next consider whether the district court abused its discretion by imposing an upward variance. We review a criminal

11

sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different. See United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010). In reviewing a variant sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

Washington first contends that the district court did not consider the advisory sentencing range in the PSR. Specifically, he argues that the district court's presentencing notice shows that the court ignored the Guidelines because it issued the notice before the PSR was filed.

This argument misconstrues the facts. In its notice, the district court explained that it would "consider sentencing Mr. Washington outside of the guideline range." J.A. 411 (emphasis added). Contrary to Washington's assertion, the notice does not suggest that the district court decided to sentence Washington outside of the Guidelines before it reviewed the PSR. Moreover, at the sentencing hearing, the court discussed the contents of the PSR and adopted the report's factual findings. Based on our

12

review of the record, we find that the district court considered Washington's advisory sentencing range before imposing its sentence.

Washington also argues that the district court improperly focused on R.C.'s age and vulnerability to justify the upward variance. He emphasizes that he only knew R.C. for a short time, believed that she was an adult, and did not introduce her to prostitution or drugs.

We find no abuse of discretion in the district court's consideration of these factors. Indeed, the district court recognized that R.C. had used drugs and engaged in prostitution before meeting Washington, but it explained:

> It is tragic because the victim herself was clearly, as Mr. Washington just pointed out -- and I think as Mr. Hood referred to -- she was already a young lady who was in deep trouble. She was already a prostitute. . . . She was a crack addict. But, in a sense, in a very, very real sense, that vulnerability is what opened her up to be a victim in this offense. . . . She was abused. She was addicted to crack. And I am amazed how Mr. Washington saw that and honed in on that.

J.A. 575. The district court also specifically noted that Washington's belief that R.C. was nineteen years old "is something in his favor." J.A. 576.

The district court carefully considered the advisory sentencing range and the relevant sentencing factors under § 3553(a). For example, the court emphasized that Washington

13

manipulated R.C., took provocative pictures of her, pocketed her money, threatened her, and had sex with her.

The court ultimately concluded that the advisory sentencing range neither provided adequate deterrence nor adequately protected the public. In summarizing its reasons for the 240-month prison sentence, the court emphasized that Washington was unrepentant, that he bragged about his criminal drug activity, and that he used his intelligence for "evil" purposes. J.A. 582. Moreover, the court relied on Washington's extensive criminal history, which included adult convictions for possession of crack cocaine, possession of marijuana, possession of a weapon during the commission of a felony, theft, failure to appear, and vandalism, as well as serious drug trafficking charges. In fact, every year from the age of nineteen until the date of Washington's sentencing in this case, Washington either committed at least one crime or was incarcerated. The record thus provides ample support for the district court's decision to impose an upward variance.

We also hold that the extent of the variance was reasonable. The advisory sentencing range was between 135 and 168 months' imprisonment, and the district court sentenced Washington to a term of 240 months. The court reasonably concluded that this variance was necessary to deter Washington from committing future crimes and to protect the public.

14

Although the sentence imposed is approximately one-and-a-half times longer than the high end of the advisory range, it is well below the statutory maximum of life imprisonment and "serves the § 3553(a) factors." See Hernandez-Villanueva, 473 F.3d at 123 (holding that a sentence three times the high end of the advisory sentencing range was reasonable). We decline to disturb the district court's chosen sentence.

## III.

For the reasons given, we affirm the district court's judgment.

AFFIRMED