**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4743**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERRENCESA MARIE-DAWN SHANKLIN,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:12-cr-00193-1)

───────────

Submitted:  April 22, 2014        Decided:  April 30, 2014

───────────

Before WYNN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrencesa Marie-Dawn Shanklin pled guilty, without the benefit of a written plea agreement, to possessing with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2012). Shanklin asked the district court to vary downward from her sentencing range of 37–46 months to impose a probationary sentence. The district court rejected this request, but agreed that a variant sentence was appropriate. It accordingly imposed an active term of twenty-four months' imprisonment. Shanklin challenges the reasonableness of this sentence on appeal. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). When a district court imposes a sentence that falls outside of the applicable Guidelines range, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

Shanklin's appellate arguments direct our attention to the evaluative process engaged in by the district court in arriving at her variant sentence.* First, Shanklin argues that changes to the Sentencing Guidelines in terms of the offense levels applicable to drug offenses demonstrate that the court's assessment of the seriousness of her offense was misguided. Shanklin suggests that the court should have utilized the Guidelines as they will be modified.

Shanklin is correct in that the Sentencing Commission has very recently approved an across-the-board two-level reduction to offense levels applicable to most federal drug trafficking offenses. But these modifications are not yet operative, and certainly were not in effect at the time of Shanklin's September 2013 sentencing. We thus reject Shanklin's contention that the district court abused its discretion in not prospectively applying these reductions in her case. See Morris v. Wachovia Sec. Inc., 448 F.3d 268, 277 (4th Cir. 2006) (explaining that this court will find an abuse of discretion if, after reviewing the record and reasoning of the district court, it is left with "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it

---

\* Shanklin does not challenge on appeal the district court's calculation of her advisory Guidelines range.

reached upon a weighing of the relevant factors" (internal quotation marks omitted)).

Shanklin next argues that the district court failed to give appropriate weight to those sentencing factors relied on to support the downward variance. Once again, we cannot agree.

Prior to imposing sentence, the district court recited the facts of this case, noting the scope of Shanklin's drug trafficking. The court discussed the seriousness of the offense in terms of the epidemic of prescription drug abuse in Southern West Virginia and in terms of the highly addictive nature of these types of opiates. The court also explained its usual view that such cases warranted longer sentences.

Here, though, the court found that several of the § 3553(a) sentencing factors justified a deviation from its regular practice. The court identified three specific bases for the downward variance: (1) that Shanklin, at twenty-three years old, had no criminal history and was the sole parent of a young child; (2) that Shanklin had been devastated by the recent death of her mother, causing her to spiral downward into substance abuse; and (3) that, while on pre-trial release, Shanklin had taken significant steps towards changing her life, such as obtaining her high school diploma, maintaining her employment at a nursing home, and remaining drug free. The court expressed its appreciation of Shanklin's rehabilitative efforts and noted

that they were factored into the sentencing calculus. It was against this backdrop that the district court elected to give Shanklin a "break" and sentence her to twenty-four months' imprisonment, thirteen months lower than the bottom of her advisory Guidelines range of 37-46 months.

Shanklin contends that "the extent of the variance does not accurately reflect those factors[]" that the court identified as supporting the variance (Appellant's Br. at 10), and asks that we hold that the twenty-four-month sentence is greater than necessary. But "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). And, as the Supreme Court has made plain, we may not reverse a sentence simply because we "might reasonably have concluded that a different sentence was appropriate." Gall, 552 U.S. at 51.

At bottom, Shanklin asks us to reweigh the sentencing factors so to reach a result different than that of the district court. This we will not do. See id.; United States v. Washington, 743 F.3d 938, 943-44 (4th Cir. 2014) ("We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different."). The extent of the variance reflects the court's concerted effort to balance the seriousness of this drug trafficking offense with Shanklin's

5

personal history and circumstances, particularly her lack of criminal history, family circumstances, and self-rehabilitation. The district court amply justified its decision to vary downward from the Guidelines range by thirteen months, rendering the variance reasonable.  See Hernandez-Villanueva, 473 F.3d at 123.

For these reasons, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED