**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4888**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

GREGORY STEVEN HORN,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. James K. Bredar, District Judge.
(1:12-cr-00138-JKB-1)

———————

Submitted: November 20, 2014     Decided: December 9, 2014

———————

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Joanna Silver, Appellate
Attorney, Baltimore, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Rachel Miller Yasser,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Steven Horn pled guilty to one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2012), and one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), (f) (2012). On the armed bank robbery conviction, the district court sentenced Horn to 216 months imprisonment — a significant upward variance from his advisory Guidelines range of 100 to 125 months. On appeal, Horn challenges the substantive reasonableness of his sentence.[*] Finding no error, we affirm.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard[, which] applies to any sentence, whether inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012) (internal quotation marks omitted). Where the sentencing court imposed a variant sentence pursuant to the 18 U.S.C. § 3553(a) (2012) factors, "we consider whether the sentencing court acted

---

[*] Horn has filed a motion for leave to file a pro se supplemental brief, along with that brief. Because Horn is represented by counsel who has filed a merits brief, Horn is not entitled to file a pro se supplemental brief, and we therefore deny his motion. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel).

reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). In conducting this review, we are mindful that "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." Gall v. United States, 552 U.S. 38, 51 (2007) (internal quotation marks omitted).

Based on our review of the record and the parties' briefs, we conclude that Horn's above-Guidelines sentence is substantively reasonable. The district court did not abuse its discretion in determining that a variance was justified by the § 3553(a) factors, including the severity of Horn's offense, the compelling need to protect the public, and the need to afford adequate deterrence where a nine-year sentence for a previous armed bank robbery failed to deter Horn from committing the instant offenses. See § 3553(a)(2)(A)-(C): see also Washington, 743 F.3d at 945 (approving reasonableness of sentence approximately one-and-a-half times above high end of Guidelines range where variance was based on need to protect public and deter defendant).

While Horn argues that his 216-month sentence is substantively unreasonable in light of his difficult upbringing

3

and the circumstances surrounding his decision to commit the armed bank robbery, his argument essentially asks us to substitute our judgment for that of the district court. While we might — or might not — have weighed the § 3553(a) factors differently had we imposed sentence in the first instance, we defer to the district court's decision that a 216-month sentence achieved the purposes of sentencing in Horn's case. See United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) ("[A]n appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court.").

We therefore deny Horn's motion to file a pro se supplemental brief, deny as unnecessary Horn's motion for redaction, and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED