**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4851**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LESTER KEITH GUNTER, a/k/a Keith Gunter, a/k/a Gunner,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:13-cr-00176-AWA-DEM-3)

Submitted: July 31, 2015      Decided: September 9, 2015

Before AGEE and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James J. Duane, Virginia Beach, Virginia, for Appellant. Christopher Catizone, Darryl J. Mitchell, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Keith Gunter was found guilty by a jury of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012). Gunter was sentenced to 262 months' imprisonment. On appeal, Gunter argues that the district court made two errors regarding the jury instructions and three errors at sentencing. We have reviewed the record and found no reversible error. Accordingly, we affirm.

Gunter first challenges the jury instruction regarding indirect agreement between conspirators. "We review de novo a claim that a jury instruction did not correctly state the applicable law." United States v. Washington, 743 F.3d 938, 941 (4th Cir. 2014). Here, even assuming, without deciding, that the challenged instruction was erroneous, we conclude that reversal is not warranted because this error was not "prejudicial based on a review of the record as a whole." United States v. Moye, 454 F.3d 390, 399 (4th Cir. 2006) (en banc).

Gunter also challenges the district court's rejection of his requested "mere buyer-seller" jury instruction. We review the district court's denial of a requested jury instruction for an abuse of discretion. United States v. Sonmez, 777 F.3d 684,

688 (4th Cir. 2015).  We affirm the district court's rejection of the request because Gunter has not demonstrated, nor does the record reflect, that this instruction "dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lighty, 616 F.3d 321, 336 (4th Cir. 2010).  The evidence in this case clearly demonstrated more than a mere buyer-seller relationship.

Next, Gunter contends that, at sentencing, the district court violated his Fifth Amendment right against self-incrimination, a claim we review de novo.  United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009).  Gunter's claim is without merit.  Contrary to Gunter's assertion, the district court did not draw an adverse inference because of Gunter's failure to testify at sentencing, but instead made its findings based on positive evidence presented at trial and described in the presentence report.

Gunter also contends that the district court erred in applying a sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2013).  In assessing a challenge to the district court's application of the Guidelines, this court reviews the district court's factual findings for clear error and its legal conclusions de novo.  United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).  We conclude

3

that the district court did not clearly err. Though Gunter contends that the district court relied on nonexistent trial testimony, the challenged comments reflect an assessment of witness credibility. As to the factual foundation, we find that the district court relied on evidence which had "sufficient indicia of reliability." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). Though Gunter insists that the evidentiary source of the enhancement, two cooperating coconspirators, should not be trusted and thus lack reliability, this merely reflects different views of witness credibility, a determination within the district court's discretion. United States v. Crawford, 734 F.3d 339, 343 (4th Cir. 2013); United States v. McHan, 101 F.3d 1027, 1038 (4th Cir. 1996).

Finally, Gunter argues that his within-Guidelines sentence is substantively unreasonable because it is longer than those of his codefendants. We presume that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Gunter bears the burden of rebutting this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id. We discern no error in the court's sentence. We have reviewed the record and conclude that, though his sentence was more severe than his codefendants, Gunter's sentence was reasonable. The court's reasoning and

4

reliance on the factors in § 3553(a) was quite thorough and Gunter has not presented – nor does the record provide – any basis for rebutting the presumption that his within-Guidelines sentence was substantively reasonable.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED