**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4215**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

THOMAS L. DAVIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:15-cr-00156-JAG-1)

Submitted:  November 17, 2016          Decided:  December 14, 2016

Before THACKER and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Laura J. Koenig, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Stephen E. Anthony, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas L. Davis pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). The district court varied upward and sentenced Davis to 84 months' imprisonment. On appeal, Davis argues that his sentence is substantively unreasonable. We affirm.

We review a sentence for procedural and substantive reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). A district court "has flexibility in fashioning a sentence outside of the Guidelines range," United States v. Diosdado-Star, 630 U.S. 359, 364 (4th Cir. 2011), and need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis" for its decision, id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted).

In this case, the district court held that, even after considering the mitigating evidence, an upward variance from the Guidelines range of 30 to 37 months was justified based on Davis' understated criminal record, his dangerousness, his lack of

2

respect for the law, and the need to protect the public. Having reviewed the record and the district court's thorough explanation of its sentence, we conclude that Davis' variance sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3