**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4349**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN CARDEN,

Defendant - Appellant.

**No. 16-4350**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BEVERLY CARDEN,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge. (1:15-cr-00016-MJG-2; 1:15-cr-00016-MJG-1)

Submitted:  February 23, 2017      Decided:  February 27, 2017

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Gerald C. Ruter, LAW OFFICE OF GERALD C. RUTER PC, Baltimore, Maryland; James Wyda, Federal Public Defender, Sapna Mirchandani, Greenbelt, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Jefferson McClure Gray, Evan T. Shea, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Carden and Beverly Carden owned and operated AccuPay, Inc., a payroll service company that received money from small companies for the purpose of making payroll payments to AccuPay's clients' employees and to withhold and pay over to the Internal Revenue Service payroll tax withholdings. Instead of making the agreed payments, the Cardens diverted funds from client accounts into their personal checking accounts to be used for the Cardens' personal expenses.

Kevin Carden pled guilty to one count of wire fraud, 18 U.S.C. § 1343 (2012), and one count of filing a false tax return, 26 U.S.C. § 7206(1) (2012), and Beverly pled guilty to one count of mail fraud, 18 U.S.C. § 1343, and one count of filing a false tax return. The district court varied upward as to both Kevin and Beverly, sentencing Kevin to 72 months' imprisonment, and Beverly to 60 months' imprisonment. They appeal, arguing that their sentences are substantively unreasonable. We affirm.

We review a sentence for procedural and substantive reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). A district court "has flexibility in fashioning a sentence outside of the Guidelines range," United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011), and need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments

3

and has a reasoned basis" for its decision. Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted).

The district court properly calculated Kevin Carden's Guidelines range as 57 to 71 months, and Beverly Carden's Guidelines range as 46 to 57 months. The court heard arguments from both parties, including the Government's suggestion of a below-Guidelines sentence for Beverly and a within-Guidelines sentence for Kevin, considered the sentencing factors of 18 U.S.C. § 3553(a) (2012), and explained its rationale for the slight upward variant sentences it imposed. The district court considered the arguments asserted in mitigation, but concluded that a slight upward variance from the Guidelines range was justified in each case due to the long-term nature of the fraud, the extensive victim impact, and the need for deterrence. Having reviewed the record and the district court's thorough explanation of its sentences, we conclude that the Cardens' respective variance sentences are substantively reasonable.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions

4

are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED