**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4650**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHARAY LAVON WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, District Judge.  (2:16-cr-00006-BO-1)

Submitted:  April 20, 2017                     Decided:  April 24, 2017

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharay Lavon Williams appeals the 96-month sentence imposed after he pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). Williams asserts that his sentence is: (1) procedurally unreasonable because the district court failed to adequately consider or discuss the 18 U.S.C. § 3553(a) (2012) factors applicable to his case; and (2) substantively unreasonable because the § 3553(a) factors do not justify the extent of the variance imposed. We affirm.

We review a sentence for procedural and substantive reasonableness, applying "an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. *United States v. Diosdado–Star*, 630 F.3d 359, 364 (4th Cir. 2011) (internal quotation marks and brackets omitted). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 562 (4th Cir. 2007) (internal quotation marks and brackets omitted).

The record belies Williams' argument that his sentencing was insufficiently individualized. During sentencing, the district court recalled that it previously sentenced Williams on separate offenses after he was engaged in a high speed car chase with police while possessing an AK 47, bayonet, and body armor. The district court explained the dangerous situations Williams created in the current and prior cases, and reflected upon what the district court perceived to be Williams' refusal to learn from his mistakes. Although the district court imposed a 15-month upward variant sentence, the district court explained that the variance was necessary because of Williams' criminal history, lack of remorse for the dangerous conduct in which he engaged, and the likelihood Williams would reoffend. Having reviewed the record and the district court's explanation for the selected sentence, we conclude that Williams' variant sentence is neither procedurally nor substantively unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3