**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4708**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

SHAROD MARQUIS ARMSTRONG,

      Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:16-cr-00133-TDS-1)

Submitted: April 28, 2017                       Decided: June 8, 2017

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharod Marquis Armstrong appeals his upward variant sentence of 70 months' imprisonment imposed after he pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Armstrong argues that his sentence is substantively unreasonable because his Sentencing Guidelines range for the offense was 15 to 21 months and the sentence imposed is more than three times the upper end of that range. Armstrong also contends that the district court failed to properly weigh his traumatic childhood and his brother's unexpected death as mitigating factors. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we afford "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is

insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted).

Our review of the record reveals that the district court reasonably concluded an upward variant sentence was warranted and adequately explained its justification for the degree of the upward variance. The district court considered that the particular circumstances of the offense were serious as Armstrong not only possessed a firearm, but obtained the firearm in the midst of a confrontation. Given Armstrong's violent history, the district court aptly noted that this incident could have ended tragically. Furthermore, the district court properly observed that Armstrong had not been deterred by his past sentences from possessing firearms and committing other crimes. In fact, Armstrong committed the instant offense knowing that he could potentially receive a 44-month sentence for violating his state court probation. The district court reasonably concluded that if the prospect of a 44-month sentence did not deter Armstrong, then a sentence within the Guidelines range would have little impact on him. Additionally, the district court stressed the importance of protecting the public from Armstrong, who has repeatedly possessed—and in some instances discharged—firearms despite being a felon. While Armstrong disagrees with the weight that the district court assigned to certain mitigating factors, we decline Armstrong's invitation to reweigh those factors on appeal. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

The district court ultimately imposed a substantively reasonable sentence that accounted for the particular circumstances of the offense, the need to deter Armstrong from committing future crimes, and the danger that Armstrong presents to the public. *See* 18 U.S.C. § 3553(a)(1), (2); *United States v. Foote*, 784 F.3d 931, 942 (4th Cir. 2015) (recognizing that we have "upheld significant variances by district courts that were supported by their reliance on the § 3553(a) factors"). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*