**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4604**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

LARRY CURRIE,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:10-cr-00175-D-1)

_____

Submitted:  June 20, 2017                          Decided:  July 27, 2017

_____

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Currie appeals the 120-month sentence imposed upon resentencing following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). On appeal, Currie asserts that the district court's upward departure under U.S. Sentencing Guidelines Manual § 4A1.3(a) (2015) produced a substantively unreasonable sentence. For the reasons that follow, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 40–41 (2007). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a) (2012). Our review for substantive reasonableness "examin[es] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *See United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted).

In reviewing a sentence outside the Guidelines range, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more

2

compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (internal quotation marks omitted). However, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Pauley*, 511 F.3d 468, 473–74 (4th Cir. 2007) (internal quotation marks omitted). Ultimately, we "can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Weon*, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted).

A district court is permitted to depart upwardly from the Guidelines range based on the inadequacy of a defendant's criminal history category when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). In applying the departure provision, the court "must move horizontally across successive criminal history categories up to category VI, and, if category VI is inadequate, the court must then vertically traverse to successively higher offense levels until it finds a guideline range appropriate to the case." *United States v. McNeill*, 598 F.3d 161, 166 (4th Cir. 2010); *see* U.S.S.G. § 4A1.3(a)(4). The court "should move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." *United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007) (internal quotation marks omitted).

Currie asserts that the district court imposed a sentence greater than necessary to satisfy the statutory purposes of sentencing by departing upward to a criminal history category of VI and then adding seven offense levels, producing a sentence nearly three times the top of the applicable Guidelines range. Currie argues that the district court's departure failed to adequately account for the circumstances of his case, including his age and poor health, his significant decline in criminal behavior over the last 10 years, his generally positive institutional record in federal prison, and his acceptance of responsibility.

We disagree. Initially, we observe that the district court acted well within its discretion in concluding that a departure under U.S.S.G. § 4A1.3(a) was warranted. Currie's significant number of prior convictions spanned the course of his adult life and included both multiple drug offenses and multiple instances of significant violence. However, he received only seven criminal history points. Coupled with Currie's probation violations and dozens of institutional infractions, Currie's criminal record amply justified the court's conclusion that Currie's criminal history category of IV substantially underrepresented the seriousness of his criminal history and likelihood of reoffending.

Currie notes that most of his prior convictions were remote and that he has demonstrated both a decrease in criminal behavior since 1990 and a decrease in violent conduct since 2006. However, the vast majority of Currie's adult life has been spent in prison, undermining his argument that his reduction in criminal convictions during this period is indicative of reduced criminality. Notably, Currie's dozens of institutional

4

infractions, including multiple offenses involving violence, during the period of his lengthy state incarceration suggest little abatement in his antisocial and nonconforming conduct. Further, the conduct underlying his most recent prior conviction and the instant § 922(g) offense tend to undermine his claim that he is now unlikely to commit violence.

Currie's conduct during his federal incarceration, while improved, is not unblemished, and the court expressed understandable concern for Currie's recent marijuana-related infractions. Currie claims that the district court placed too heavy an emphasis on those infractions. However, the district court was permitted to determine that those infractions, committed while Currie was in his late forties, undercut his arguments regarding the inverse relation between age and recidivism and provided a reason to question his retreat from crime. Although Currie also notes his acceptance of responsibility, this argument rings hollow in light of his statements in allocution denying involvement in his prior offenses and violence against women, which were flatly contradicted by the record.

Currie further contends that, even if a departure was warranted, the district court did not adequately explain its reasons for concluding that intervening offense levels would not produce a sufficient Guidelines range. Even assuming, without deciding, that the court's explanation regarding each intervening level was inadequate, we conclude any such error was harmless. *See United States v. Martinovich*, 810 F.3d 232, 243 (4th Cir. 2016) (recognizing that procedural sentencing error is harmless "if the resulting sentence is not longer than that to which the defendant would otherwise be subject" (alterations and internal quotation marks omitted)); *United States v. Hargrove*, 701 F.3d 156, 162–63

(4th Cir. 2012) (recognizing our authority to affirm sentence despite procedural error where record clearly reveals that court would have reached same result and sentence is substantively reasonable). The district court made patently clear that it would impose the same sentence as a variance sentence, even if it erred in its Guidelines calculations or application of U.S.S.G. § 4A1.3(a). And although Currie identified nonfrivolous mitigating factors in support of a lower sentence, *see, e.g.*, *United States v. Howard*, 773 F.3d 519, 532–33 (4th Cir. 2014) (recognizing reduced culpability in youthful offenders and inverse correlation between inmate's age and risk of recidivism), we cannot conclude, in view of the totality of the circumstances, that the district court acted unreasonably in determining that those factors did not warrant a sentence below the statutory maximum.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*