**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4234**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WILLIAM LACHLIAN ORMOND, III,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:16-cr-00080-FL-1)

_____

Submitted: November 20, 2017          Decided: November 28, 2017

_____

Before TRAXLER, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lachlian Ormond, III, pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed an upward variant sentence of 57 months' imprisonment. Ormond argues that his sentence is both procedurally and substantively unreasonable.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range" for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 284 (4th Cir. 2012). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining whether a sentence is procedurally reasonable, we examine, among other factors, whether the district court considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 51.

In reviewing a sentence outside the Guidelines range, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, we must

2

more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Pauley*, 511 F.3d 468, 473-74 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that the court's lengthy sentencing explanation was sufficient. The court was actively engaged in the sentencing hearings, explicitly discussed several of the § 3553(a) factors, did not analyze any impermissible factors, and did not ignore Ormond's mitigating arguments. We further conclude that, when deciding to impose an upward variant sentence, the court reasonably considered that Ormond has carried a firearm from a very young age; has a habit of fleeing from the police, sometimes while armed; and has a history of assaultive conduct. Significantly, Ormond decided to participate in a jail fight, knowing that he was being videotaped, that he would face immediate consequences in jail, and that the court was already inclined to punish him above the Guidelines range. As the Government contends, this decision demonstrated a brazen disregard for authority, separating Ormond from the typical offender. We conclude, therefore, that the court reasonably determined that a sentence longer than the Guidelines' recommended sentence was necessary to deter Ormond from engaging in further crimes.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*