**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4464**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMAR ABISAI RAMIREZ-RAMOS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:16-cr-00134-MR-DHL-1)

Submitted: February 28, 2018                           Decided: March 19, 2018

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ross H. Richardson, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Abisai Ramirez-Ramos pled guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) (2012) (Count 1), and unlawful transportation of illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i) (2012) (Count 2). From an advisory Sentencing Guidelines range of 12 to 18 months, the district court imposed an upward variant sentence of 24 months' imprisonment. Ramirez-Ramos argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id*. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id*. at 51.

In reviewing a sentence outside the Guidelines range, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a

2

sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If "the variance is a substantial one, we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that Ramirez-Ramos' sentence is procedurally and substantively reasonable. The district court was actively engaged in the sentencing hearing, heard argument from counsel and allocution from Ramirez-Ramos, explicitly discussed several of the § 3553(a) factors and applied them to the facts of Ramirez-Ramos' case, did not analyze any impermissible factors, and did not ignore Ramirez-Ramos' mitigating arguments. We further conclude that the court sufficiently explained the factors it considered in imposing Ramirez-Ramos' upward variant sentence, including Ramirez-Ramos' multiple prior deportations, the fact that Ramirez-Ramos returned very quickly every time he was deported, the fact that Ramirez-Ramos had already been prosecuted once for illegal reentry with no deterrent effect, and the fact that Ramirez-Ramos' illegal behavior appeared to be escalating. Consideration of these factors was not inconsistent with any expressed positions of the Sentencing Commission, and the factors were not

3

already reflected in Ramirez-Ramos' Guidelines range, which was calculated based on Count 2. We conclude, therefore, that the court reasonably determined that a sentence longer than the Guidelines' recommended sentence was necessary to deter Ramirez-Ramos from engaging in further crimes.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*