**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4401**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHYTEAF PHEQUAN MCCORMICK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:17-cr-00120-FL-1)

Submitted: March 29, 2019                                Decided: April 19, 2019

Before DIAZ and QUATTLEBAUM, Circuit Judges, HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phyteaf Phequan McCormick appeals the 90-month sentence imposed following his guilty plea to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). On appeal, McCormick argues that the district court's upward variant sentence—33 months above the high end of the Sentencing Guidelines range—is substantively unreasonable.[*] We affirm.

In determining whether McCormick's above-Guidelines-range sentence is substantively reasonable, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citations and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), "we give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance," *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven [if] we might reasonably conclude that a different sentence is

---

[*] McCormick does not contend that his Guidelines range was miscalculated.

appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

Our review of the record confirms that McCormick's sentence is substantively reasonable. In imposing an upward variant sentence, the district court considered McCormick's criminal history, the offense conduct, and the need for the sentence imposed to promote respect for the law, deter McCormick from engaging in future criminal conduct, and protect the community. McCormick argues that his offense conduct and criminal history should not have been used to support the upward variance as such factors should be principally accounted for in the Guidelines range. This assertion is misplaced because "a fact that is taken into account in computing a Guidelines range is not excluded from consideration when determining whether the Guideline[s] sentence adequately serves the four purposes of § 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015) (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*