**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4562**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE YOUNGBLOOD, a/k/a Michael S. Long, a/k/a Michael Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:15-cr-00308-RMG-1)

Submitted:  January 18, 2018                   Decided:  February 12, 2018

Before TRAXLER, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alicia Vachira Penn, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Beth Drake, United States Attorney, Jimmie Ewing, Dean Secor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Youngblood pled guilty, without a plea agreement, to failure to register as a sex offender and failure to update his sex offender registration, in violation of 18 U.S.C. § 2250(a) (2012). The district court imposed an upward variant sentence of 120 months' imprisonment. On appeal, Youngblood challenges the propriety of the eight-level enhancement for committing a sex offense against a minor while in failure to register status, U.S. Sentencing Guidelines Manual § 2A3.5(b)(1)(C) (2016), and argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range" for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 51.

I.

Youngblood first argues that his sentence is procedurally unreasonable because the district court erred in considering the videotaped interview of the minor victim when deciding whether to impose the eight-level enhancement for committing a sex offense against a minor while in failure to register status. Specifically, Youngblood argues that the

2

interview amounts to uncorroborated, unreliable hearsay because he did not have the opportunity to cross-examine the victim.

At sentencing, the district "court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a), p.s. "The district court's determination that evidence is sufficiently reliable to be considered at sentencing is reviewed for an abuse of discretion and its factual findings are reviewed for clear error." *United States v. Pineda*, 770 F.3d 313, 318 (4th Cir. 2014) (citations omitted).

We have held that the Confrontation Clause does not apply at sentencing. *United States v. Powell*, 650 F.3d 388, 393 (4th Cir. 2011) (collecting cases). In so holding, we explained that defendants are accorded various protections at trial, including the right to confront witnesses against them, "because the criminal trial is the means by which we determine the guilt of someone presumed innocent." *Id.* at 391. At sentencing, however, judges must "consider a host of fact-intensive issues" and, therefore, "must have recourse to a much broader array of information." *Id.* at 391-92. "Courts have accordingly long recognized that sentencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence," including "reliable hearsay of many varieties, the Confrontation Clause notwithstanding." *Id.* at 392 (internal quotation marks omitted). Although we have made it clear that "[d]ue process requires that sentencing courts rely only on evidence with some minimal level of reliability," we have rejected the argument "that without cross-examination evidence can never be reliable enough to use at

sentencing." *Id.* at 393-94. We emphasized that defendants have "procedural safeguards in place to protect [them] against the use of factually incorrect evidence" at sentencing. *Id.* at 394. Specifically, a defendant may "make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *Id.* (internal quotation marks omitted).

We conclude that Youngblood has failed to establish that the victim's videotaped interview is unreliable. The mere fact that Youngblood has not had the opportunity to cross-examine the victim does not render her statement unreliable. *See id.* at 394. Moreover, the court independently reviewed the video and found that the victim was credible and determined that the police reports and Youngblood's prior conduct also corroborated the victim's statement. Because there was simply no evidence to suggest that the victim's videotaped interview was unreliable, we conclude that the court did not abuse its discretion in considering the interview when deciding whether to impose the eight-level enhancement.

II.

Youngblood next challenges the substantive reasonableness of his sentence. In reviewing a sentence outside the Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther

4

the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Pauley*, 511 F.3d 468, 473-74 (4th Cir. 2007) (internal quotation marks omitted).

We conclude that Youngblood's sentence is substantively reasonable. The district court explained that Youngblood's conduct was extremely serious and that his incarceration for his prior sex offense convictions and his duty to register as a sex offender had not deterred him from committing a strikingly similar sex offense. Thus, to promote respect for the law, afford adequate deterrence, and protect the public from Youngblood, the court reasonably decided to impose the statutory maximum sentence of 120 months' imprisonment. *See* 18 U.S.C. § 2250(a).

## III.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*