**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4722**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

MURDOCK RAEFORD SHERROD,

　　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:18-cr-00067-BR-1)

Submitted:  May 31, 2019　　　　　　　　　　Decided:  June 13, 2019

Before KEENAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Murdock Raeford Sherrod appeals the 120-month sentence imposed after he pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012). The district court varied upward from the advisory Sentencing Guidelines range based on Sherrod's underrepresented criminal history and the likelihood that he would commit other crimes. On appeal, Sherrod maintains that the 120-month sentence, representing more than double the top of the applicable Guidelines range of 51 months, was substantively unreasonable. In particular, Sherrod argues that the court erred in basing the increased sentence in part on the nature and seriousness of the offense of conviction. Finding no error, we affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The court "must first ensure that the district court committed no significant procedural error" in imposing the sentence, "such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *United States v. Rivera-Santana*, 668 F.3d 95, 100 (4th Cir. 2012) (internal quotation marks omitted). If the court finds no significant procedural error, it also must evaluate the substantive reasonableness of the sentence, considering the totality of the circumstances. *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). The sentence must be

2

"sufficient, but not greater than necessary," to satisfy the purposes of sentencing. *See* 18 U.S.C. § 3553(a).

"In reviewing a sentence outside the Guidelines range, we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). "We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Washington*, 743 F.3d 938, 943-44 (4th Cir. 2014).

With these standards in mind, we have reviewed the upward variance sentence. The district court meaningfully considered and explained its sentence and properly applied the § 3553(a) factors. According the appropriate due deference to the sentencing court, we find no error. We therefore affirm the sentence imposed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*