**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 18-4570**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SEAN DARNELL JEFFRIES,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge.  (1:11-cr-00127-TDS-1)

─────────────

Submitted:  August 5, 2019                          Decided:  August 22, 2019

─────────────

Before GREGORY, Chief Judge, and KING and THACKER, Circuit Judges.

─────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────────

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant.   Matthew G.T. Martin, United States Attorney, Lisa B. Boggs, Senior Litigation Counsel, Stephen T. Inman, Deputy Criminal Chief, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Sean Darnell Jeffries guilty of conspiracy to distribute 280 grams or more of cocaine base and at least 500 grams, but not more than 5 kilograms, of cocaine, in violation of 21 U.S.C. § 846 (2012), possession with intent to distribute 11.5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2012). We affirmed Jeffries' convictions and 360-month sentence. *United States v. Benn*, 572 F. App'x 167 (4th Cir. 2014) (Nos. 12-4522, 12-4803, 12-4804, 12-4851) (argued but unpublished). Jeffries filed a timely 28 U.S.C. § 2255 (2012) motion and, as relevant on appeal, claimed that his first attorney failed to timely communicate acceptance of the Government's offer to plead guilty to the initial indictment and that his second attorney failed to object to the application of the Sentencing Guidelines Manual used at sentencing. After an evidentiary hearing, the district court denied relief on Jeffries' failure-to-communicate claim, granted relief on his Guidelines Manual claim, and ordered resentencing. At resentencing, the district court correctly calculated the Sentencing Guidelines range using the proper Guidelines Manual, granted Jeffries' motion for a downward variance, and imposed a total sentence of 340 months.

Jeffries appeals the amended criminal judgment, arguing that his 340-month sentence is substantively unreasonable. He also seeks to appeal the denial of § 2255 relief on his claim that his first attorney was ineffective by failing to communicate acceptance of a plea offer. We have jurisdiction over this appeal. *See United States v. Hadden*, 475 F.3d 652, 662-66 (4th Cir. 2007); *see also Williamson v. Stirling*, 912 F.3d 154, 168 (4th

2

Cir. 2018) (recognizing our "independent obligation to verify the existence of appellate jurisdiction"). We affirm in part and dismiss in part.

Jeffries may not appeal the district court's denial of § 2255 relief on his claim that counsel failed to communicate a plea offer unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B) (2012). A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). We have independently reviewed the record and conclude that Jeffries has not made the requisite showing with regard to this claim. Accordingly, we deny a COA and dismiss this portion of the appeal.

We now turn to the appeal of the amended criminal judgment. Because Jeffries does not challenge on appeal the procedural reasonableness of his sentence, we assess "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. *See* 18 U.S.C. § 3553(a) (2012). "[W]e are obliged to apply a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range [and] [t]hat presumption can only be rebutted by showing that the sentence is

3

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (citation and internal quotation marks omitted).

We conclude that Jeffries has failed to meet his burden of demonstrating that his below-Guidelines-range sentence is unreasonable when measured against the § 3553(a) factors. Jeffries was a manager or supervisor in an extensive drug trafficking conspiracy, possessed a significant amount of cocaine base, possessed firearms in furtherance of a drug trafficking crime, and demonstrated a lack of respect for the law by providing the court with contradictory allegations in the § 2255 proceedings. The mitigating factors identified by counsel do not clearly outweigh the seriousness of Jeffries' offenses. Accordingly, we affirm the district court's amended criminal judgment.

We deny Jeffries' motion to file a pro se supplemental brief because he is represented by counsel. *See United States v. Washington*, 743 F.3d 938, 941 n.1 (4th Cir. 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*