**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4908**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANA STEVENSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:17-cr-00047-1)

Submitted: August 29, 2019                    Decided: October 1, 2019

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Stephanie S. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Stevenson pled guilty to knowingly and intentionally distributing a quantity of heroin within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), 860 (2012), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). From an advisory Sentencing Guidelines range of 21 to 27 months, the district court imposed an upward variant sentence of 48 months' imprisonment. On appeal, Stevenson argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

In reviewing a sentence outside the Guidelines range, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a

2

sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If "the variance is a substantial one, we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that Stevenson's sentence is procedurally and substantively reasonable. The district court was actively engaged in the sentencing hearing, heard argument from counsel, explicitly discussed several of the § 3553(a) factors and applied them to the facts of Stevenson's case, and did not analyze any impermissible factors. Despite Stevenson's arguments to the contrary, the district court provided an adequate individualized assessment and did not reversibly err in considering relevant conduct described in the presentence report when determining Stevenson's sentence.[*] The district court also sufficiently explained the factors it considered in imposing Stevenson's upward

---

[*] One of Stevenson's arguments is that the district court erred by relying, in part, on stipulations of fact from a rejected plea agreement in determining some of Stevenson's relevant conduct. Even if we were to assume that this reliance was error in the sentencing context, we conclude that it was harmless. *See United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018).

variant sentence. We conclude, therefore, that the court reasonably determined that a sentence outside the Guidelines range was necessary in this case and that the selected sentence is substantively reasonable.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*