**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4471**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY RASHAWN STUDIVENT,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cr-00425-CCE-1)

─────────────

Submitted:  February 16, 2023                    Decided:  February 21, 2023

─────────────

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Eugene E. Lester III, LESTER LAW, Greensboro, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Rashawn Studivent appeals the 60-month sentence imposed by the district court following his guilty plea to possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On appeal, Studivent contends that the district court erred in calculating his advisory Sentencing Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018), based on the court's finding that Studivent possessed a firearm in connection with another felony offense, that is, assault with a deadly weapon.  Because any error in the application of the enhancement was harmless, we affirm.

Rather than review the merits of Studivent's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).  "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Shivers*, 56 F.4th 320, 327 (4th Cir. 2022). An error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

2

Here, the district court's comments during the sentencing hearing and in the Statement of Reasons convince us that it would have imposed the same 60-month sentence even if it had not applied the four-level enhancement under USSG § 2K2.1(b)(6)(B). We thus conclude that the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Next, we must assess whether Studivent's sentence would be substantively reasonable even if the district court had sustained his objection to the four-level enhancement under USSG § 2K2.1(b)(6)(B). Had the district court done so, Studivent's Guidelines range would have been 27 to 33 months' imprisonment rather than 37 to 46 months' imprisonment. Under both Guidelines ranges, Studivent's 60-month sentence constitutes an upward-variant sentence.

In reviewing an upward-variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014). We afford "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010). Our ultimate inquiry is whether, considering the totality of the circumstances, the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

3

We are satisfied that the 60-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 27 to 33 months. Indeed, the district court adequately explained why a 60-month sentence was necessary using the § 3553(a) factors. In particular, the district court emphasized that Studivent has a significant criminal history, including a prior conviction in state court for possession of a firearm as a felon that resulted in Studivent serving more than 10 years in prison. The district court was appropriately concerned that Studivent's lengthy sentence for that conviction did not deter him from again possessing a firearm. Because Studivent's 60-month sentence is supported by the district court's consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable.

For those reasons, we are satisfied that any Guidelines calculation error in these proceedings was harmless. *See McDonald*, 850 F.3d at 645. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4