**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4119**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS GREEN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:20−cr−00005−FL−1)

_____

Submitted:  February 14, 2023                                Decided:  April 12, 2023

_____

Before AGEE and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Andrew Kasper, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In September 2020, a jury found Green guilty of six felony counts: conspiracy to possess with the intent to distribute and conspiracy to distribute 500 grams or more of methamphetamine, 280 grams or more of cocaine base, and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; distribution of methamphetamine and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); possession with the intent to distribute cocaine and cocaine base and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Green for these offenses to a term of 360 months' imprisonment.

On appeal, Green challenges the district court's denial of his pro se motion to suppress, and the court's decision to rule on the motion without holding an evidentiary hearing. Regarding the merits of his motion, Green presents three arguments: (1) that the officers lacked authority to enter Green's former business to surveil a controlled purchase of narcotics between Green and the new business owner; (2) that the officers lacked probable cause to stop and to seize Green; and (3) that Green made incriminating statements under duress and did not voluntarily consent to the search of a residence from where he had been seen "coming and going."[1] We disagree with Green's arguments and affirm the district court's judgment.

---

[1] Green also argues on appeal that officers unlawfully opened a backpack in another residence. However, Green "explicitly *waived*" this argument in the district court and, (Continued)

2

Two weeks before trial, while represented by court-appointed counsel, Green filed a pro se a motion to suppress "any and all alleged statements [or] confessions and evidence obtained illegally."[2]   After hearing Green's argument and the government's proffer of evidence, the district court denied the motion, noting that Green could renew his motion during trial "if the facts" differed from the government's proffer.  Green did not renew his motion.

We observe that because Green was represented by counsel, the district court was not obligated to consider his pro se motion in the first instance.  *See United States v. Washington*, 743 F.3d 938, 941 n.1 (4th Cir. 2014).  Nonetheless, our review of the record reveals no basis to conclude that the district court abused its discretion in failing to hold an evidentiary hearing on Green's pre-trial motion to suppress.  *See United States v. Cintron*, 724 F.3d 32, 36 (1st Cir. 2013) (setting forth standard).  Additionally, when reviewing the evidence in the light most favorable to the government, *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013), we discern no error in the court's denial of the motion to suppress.

The record shows that Green lacked any basis to challenge the officers' entry into his former business because the new owner, who was also the confidential informant, had authorized the officers' entry into that business.  *See United States v. Gray*, 491 F.3d 138,

---

thus, it "is not reviewable on appeal." *United States v. Claridy*, 601 F.3d 276, 284 n.2 (4th Cir. 2010).

[2] Before trial, Green submitted numerous motions to replace his court-appointed counsel.  In several of those motions, Green argued that counsel refused to file a motion to suppress evidence and statements serving as the basis for several of the indicted offenses. The record shows that the three attorneys who considered Green's request to file a motion to suppress concluded that such a motion was "not feasible," or lacked a sound legal basis.

3

145-47 (4th Cir. 2007) (explaining that a defendant who sold drugs in another's residence did not have a legitimate expectation of privacy in that residence). Further, the officers' traffic stop and detention of Green were supported by probable cause based on Green's prior controlled sales of narcotics. *See United States v. Dickey-Bey*, 393 F.3d 449, 453 (4th Cir. 2004) (explaining that an officer may seize a person without a warrant if an officer has probable cause to think the person has committed a crime). And finally, the record shows that Green offered incriminating information to the officers free from duress or coercion, and that he voluntarily consented to the search of the residence. *See United States v. Azua-Rinconada*, 914 F.3d 319, 324 (4th Cir. 2019) (holding that the question whether consent is voluntary, and not a product of duress or coercion, must be answered in view of all the circumstances).

For these reasons, we affirm the district court's denial of Green's pro se motion to suppress, and we affirm the court's judgment.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Because we conclude that the district court did not err in denying Green's motion to suppress, we need not address his additional arguments, which rest on an assumption that the court erred in its suppression ruling.