**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4080**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADONIS FABIAN ZORRILLA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (5:22-cr-00070-M-1)

Submitted:  July 31, 2024                                    Decided:  August 6, 2024

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Raymond C. Tarlton, Joshua D. Xerri, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Sarah E. Nokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adonis Fabian Zorrilla pleaded guilty, without a plea agreement, to assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1). The district court sentenced Zorrilla to 37 months' imprisonment. On appeal, Zorrilla contends that the district court erred in calculating his advisory Sentencing Guidelines range by applying a six-level enhancement under U. S. Sentencing Guidelines Manual § 3A1.2(b) (2021), on the ground that Zorrilla's offense "was motivated by" the victim's "status" as "a government officer. We affirm.

Rather than review the merits of Zorrilla's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Shivers*, 56 F.4th 320, 327 (4th Cir. 2022). An asserted error will be deemed harmless if we are certain that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

At sentencing, the district court repeatedly stated that it would have imposed the same 37-month sentence even if it had not applied the challenged Guidelines enhancement. Thus, the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

2

Turning to the second requirement, we consider whether Zorrilla's sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. Had the district court sustained Zorrilla's objection to the enhancement under USSG § 3A1.2(b), Zorrilla's Guidelines range would have been 27 to 33 months' imprisonment rather than 51 to 63 months' imprisonment.

In reviewing an upward variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014). We afford "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). Our ultimate inquiry is whether, considering the totality of the circumstances, the court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We are satisfied that the 37-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 27 to 33 months. Zorrilla's 37-month sentence reflects a 4-month upward variance from this assumed Guidelines range, which is approximately 12% longer than the high end of the range. This upward variance is substantively reasonable in light of the district court's explicit

3

consideration of the § 3553(a) factors. The court reasonably considered the victim's vulnerability in her position as a TSA officer in considering the seriousness of the offense. Even if Zorrilla was not "motivated by" the victim's official position, the court opined that the victim's official status was relevant to the assault. Moreover, the district court noted that Zorrilla had two prior convictions for identity theft, that he was on probation for identity theft at the time of the incident, and that the incident occurred because Zorrilla wanted to "get back evidence of criminality." The district court further explained why a 37-month sentence was necessary, citing the § 3553(a) factors, specifically Zorilla's criminal history and the need to afford adequate deterrence and to protect the public. Because Zorrilla's sentence is supported by the district court's consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable. We are therefore satisfied that any Guidelines calculation error was harmless. *See McDonald*, 850 F.3d at 645.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*