**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 25-4193**

─────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAMES ALEXANDER LONG-BOOKER,

          Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00235-CCE-1)

─────────

Submitted:  August 28, 2025             Decided:  September 3, 2025

─────────

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Alexander Long-Booker pleaded guilty to possession of a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The district court varied upward from Long-Booker's advisory Sentencing Guidelines range of 77 to 96 months' imprisonment and sentenced him to 144 months' imprisonment. On appeal, Long-Booker argues that his 144-month sentence is substantively unreasonable. For the reasons stated below, we reject Long-Booker's challenge to his sentence and affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (first alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we are obliged to first evaluate procedural reasonableness, "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Nance*, 957 F.3d at 212. Our substantive reasonableness review "takes into account the totality of the circumstances to determine

2

whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted).

In reviewing an upward-variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted).

Although Long-Booker does not challenge the procedural reasonableness of his sentence, we nevertheless start there. *See United States v. Elboghdady*, 117 F.4th 224, 234-35 (4th Cir. 2024) ("[A]n appellate court's first responsibility in a sentencing challenge is to review the procedural reasonableness of the challenged sentence."). And we discern no procedural error here. The district court correctly calculated Long-Booker's Guidelines range, including the base offense level, which was premised on a cross-reference to the Guidelines provision for assault with attempt to commit murder and attempted murder because Long-Booker used the assault rifle underlying his conviction to shoot at his girlfriend on two separate occasions. *See* U.S. Sentencing Guidelines Manual §§ 2A2.1(a)(2); 2K2.1(c)(1)(A); 2X1.1(a) (2024). The district court also explained its

3

reasons for its chosen sentence in terms of the § 3553(a) factors and thoroughly addressed Long-Booker's mitigation arguments.

Turning to the substantive reasonableness of Long-Booker's sentence, he contends that the district court did not offer a sufficient justification for varying upward from his Guidelines range. Long-Booker argues that the aggravating circumstances of his offense were adequately captured through his Guidelines range because the district court cross-referenced the Guidelines provision for assault with attempt to commit murder and attempted murder in calculating that range. He also contends that his criminal history involving the use of firearms was sufficiently represented through his placement in a criminal history category of IV. In sum, Long-Booker maintains that his case is within the heartland of felon-in-possession cases in which the same cross-reference and criminal history category apply and that the district court thus should have imposed a within-Guidelines sentence.

We are satisfied that Long-Booker's upward-variant sentence is substantively reasonable. The district court acknowledged that the Guidelines cross-reference partially accounted for the dangerousness of Long-Booker's conduct, but the court emphasized that Long-Booker used his assault rifle to shoot at his girlfriend on two separate occasions and threatened his girlfriend on another occasion. The district court also properly considered that Long-Booker's conduct not only terrorized and endangered his girlfriend but also her young daughter, who was present in the home during each shooting incident.

In addition, the district court appropriately highlighted Long-Booker's significant criminal history, which includes convictions for armed robbery and conspiracy to commit

4

armed robbery. While Long-Booker claims that his criminal history category adequately accounts for those convictions, his claim ignores the character of his past offenses involving firearms, which the district court correctly considered. The district court also properly stressed that Long-Booker's previous lengthy state sentences had not deterred him from engaging in this criminal conduct. On the contrary, the district court aptly observed that Long-Booker's criminal behavior had escalated since serving those sentences.

Finally, the district court considered the many mitigating arguments that Long-Booker offered. Based on those arguments, the district court declined to impose the statutory maximum. At bottom, we conclude that the district court did not abuse its broad discretion in selecting an upward-variant sentence of 144 months. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5