**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4149**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DE'ARIS RAYSEAN JOHNSON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23-cr-00302-WO-1)

_____

Submitted:  August 1, 2025                                    Decided:  November 21, 2025

_____

Before KING, RUSHING, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

De'Aris Raysean Johnson pleaded guilty, pursuant to a written plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Johnson to a downward-variant sentence of 108 months' imprisonment. On appeal, Johnson challenges the sentence, arguing that the district court erred in applying a six-level official victim enhancement under U.S. Sentencing Guidelines Manual § 3A1.2(c)(1)(2023), as well as a four-level enhancement under USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense, contending that his armed flight from a law enforcement officer and resisting arrest did not constitute an assault on the officer. We affirm.

Rather than review the merits of Johnson's challenge to the application of these enhancements, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [Sentencing G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Shivers*, 56 F.4th 320, 327 (4th Cir. 2022). An asserted error will be deemed harmless if we are certain that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

2

Here, at the sentencing hearing, the district court calculated Johnson's advisory Guidelines range as 135 to 168 months' imprisonment, with the two contested enhancements included. However, the court also expressly stated that if it had found that the enhancements did not apply, it would have varied upward based on the seriousness of Johnson's offense conduct.

Next, after considering the 18 U.S.C. § 3553(a) factors, the district court determined that if it were to increase Johnson's offense level by seven levels, rather than by ten (based on the four- and six-level enhancements), to address its concerns regarding, among other things, the seriousness of Johnson's criminal conduct, Johnson's drug use and criminal history, the need for deterrence, and the danger Johnson posed to the community, Johnson's resulting advisory Guidelines range would be 97 to 121 months' imprisonment. The court then found that a sentence of 108 months' imprisonment, within this range, was appropriate in this case and was sufficient but not greater than necessary to achieve the goals of sentencing. The court also stated repeatedly that it believed a sentence below 108 months was insufficient to address its concerns and the factors it had discussed. We are therefore satisfied from the record in this case that the district court would have reached the same result even if it had decided the Guidelines issue the other way. *See McDonald*, 850 F.3d at 643. Thus, the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Turning to the second requirement, we consider whether Johnson's sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed errors. Had the district court sustained Johnson's objections to the

3

enhancements under USSG § 3A1.2(c)(1) and § 2K2.1(b)(6)(B), Johnson's Guidelines range would have been 46 to 57 months, rather than 135 to 168 months.

In reviewing a variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). Our ultimate inquiry is whether, considering the totality of the circumstances, the court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We are satisfied that the 108-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 46 to 57 months. As previously noted, after thoroughly considering the § 3553(a) factors, the district court found that a sentence of 108 months' imprisonment was appropriate and that any sentence below 108 months would not be sufficient to address the factors the court had discussed, especially the seriousness of Johnson's offense. The court thus imposed a downward-variant sentence of 108 months, explaining that it had varied downward from the 135-to-168-month advisory Guidelines range to achieve a sentence within the 97-to-121-month

4

range it found sufficient in this case. Thus, even if the district court had ruled that the challenged enhancements were inapplicable, it is clear from the record that the court would have varied above the 46-to-57-month range.

Furthermore, we conclude that the variance is substantively reasonable in light of the district court's thorough and explicit consideration of the § 3553(a) factors. The court reasonably found that, given Johnson's involvement in a similar armed flight not long after the instant offense and his prior robbery and firearms convictions, the need to protect the public would not be served with a lower sentence. Because Johnson's sentence is supported by the district court's thorough consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable. We are therefore satisfied that any Guidelines calculation error is harmless. *See McDonald*, 850 F.3d at 645.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*