**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4024

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREYVION MALEKE SUTTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00024-D-RN-1)

Submitted:  March 26, 2026                          Decided:  April 21, 2026

Before RICHARDSON, HEYTENS, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Thomas R. Wilson, GREENE WILSON & STYRON, New Bern, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Khari L. Cyrus, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Treyvion Maleke Sutton pleaded guilty, without a plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court imposed a sentence of 96 months' imprisonment, within the advisory Sentencing Guidelines range.  On appeal, Sutton challenges the sentence, arguing that the district court erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2023) for possession of a firearm or ammunition in connection with another felony offense, contending there was no evidence that he intended to facilitate the sale of marijuana; he further contends that his sentence is substantively unreasonable.  We affirm.

Rather than reviewing the merits of Sutton's challenge to the application of this enhancement, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (citation modified).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [Sentencing G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (citation modified); *see also United States v. Shivers*, 56 F.4th 320, 327 (4th Cir. 2022).  An asserted error will be deemed harmless if we are certain that these requirements are satisfied.  *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, at the sentencing hearing, the district court calculated Sutton's advisory Guidelines range as 78 to 97 months' imprisonment, with the contested enhancement

2

included.  However, the court also expressly stated that even if it had miscalculated the advisory Guidelines range, it would have imposed the same 96-month sentence based on its own assessment of the 18 U.S.C. § 3553(a) factors.

After thoroughly considering the § 3553(a) factors, the district court determined that the sentence needed to address its concerns regarding, among other things, the seriousness of Sutton's criminal conduct, Sutton's recidivism and criminal history, the need for deterrence, and the danger Sutton posed to the community.  The court then found that a sentence of 96 months' imprisonment was appropriate and was sufficient but not greater than necessary to achieve the goals of sentencing.  We are therefore satisfied that the district court would have reached the same result even if it had decided the Guidelines issue the other way.  *See McDonald*, 850 F.3d at 643.  Thus, the first requirement of the assumed error harmlessness inquiry is satisfied.  *See Gomez-Jimenez*, 750 F.3d at 383.

Turning to the second requirement, we consider whether Sutton's sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error.  Had the district court sustained Sutton's objection to the enhancement under § 2K2.1(b)(6)(B), Sutton's advisory Guidelines range would have been 51 to 63 months, rather than 78 to 97 months.

In reviewing a variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (citation modified).  We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole,

3

justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (citation modified). Our ultimate inquiry is whether, considering the totality of the circumstances, the court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We are satisfied that the 96-month sentence imposed by the district court is substantively reasonable even if the court had used a Guidelines range of 51 to 63 months. As previously noted, after thoroughly considering the § 3553(a) factors, the district court found that a sentence of 96 months' imprisonment was appropriate based on the seriousness of Sutton's offense, his quick return to criminal activity after being released from state custody, and the seriousness of his past offenses. Thus, even if the district court had ruled that the challenged enhancement was inapplicable, it is clear from the record that the court would have varied above the 51-to-63-month range.

Furthermore, we conclude that the variance is substantively reasonable in light of the district court's thorough and explicit consideration of the § 3553(a) factors. While acknowledging Sutton's young age and difficult background, the court reasonably found that, given Sutton's quick return to criminal activity even while on state supervision, along with his significant past criminal behavior, the need to protect the public would not be served with a lower sentence. Because Sutton's sentence is supported by the district court's thorough consideration of the § 3553(a) factors, we conclude that the sentence is

4

substantively reasonable.  We are therefore satisfied that any Guidelines calculation error is harmless.  *See McDonald*, 850 F.3d at 645.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*